IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER GEORGE SIBLEY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AIR AND LIQUID SYSTEMS CORPORATION, et al.,<br><br>Defendants. | Case No. 20-cv-07697-MMC<br><br>**ORDER GRANTING PLAINTIFFS' RULE 60(B) MOTION; GRANTING PLAINTIFFS' RULE 6(B) MOTION; VACATING HEARING; VACATING ORDER GRANTING DEFENDANT VIKING PUMP, INC.'S MOTION TO DISMISS; SETTING BRIEFING SCHEDULE ON DEFENDANT VIKING PUMP, INC.'S MOTION TO DISMISS** |

Before the Court are the following two motions, both filed by plaintiffs Christopher George Sibley and Maria Sibley on March 29, 2021: (1) "Rule 60(b) Motion for Relief from Order" ("Rule 60(b) Motion") and (2) "Rule 6(b) Motion for a Post-Deadline Filing Extension" ("Rule 6(b) Motion"). Defendant Viking Pump, Inc. ("Viking Pump") has filed a combined opposition to both motions, to which plaintiffs have replied. Having considered the papers submitted in support of and in opposition to the motions, the Court deems the matters appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for May 7, 2021, and rules as follows.

**BACKGROUND**

On November 2, 2020, plaintiffs filed a complaint in the instant action, alleging Christopher Sibley "ha[d] sustained asbestos-related lung injuries as a result of his inhalation of asbestos fibers" due to his "repeated exposure to asbestos-containing products manufactured, distributed, and/or sold by defendants and supplied to, installed and/or maintained by defendants at [his] worksites." (See Compl. ¶¶ 1, 4.) Based thereon, Christopher Sibley asserts the following three Causes of Action, titled,

respectively, "Negligence," "Products Liability," and "Premises Owner/Contractor Liability"; Maria Sibley, who, at all relevant times, was Christopher Sibley's spouse, asserts a single cause of action "for the loss of spousal relationship as a result of [Christopher Sibley's] illness and subsequent death." (See id. ¶ 69.)[1]

On March 4, 2021, Viking Pump filed a "Motion to Dismiss for Lack of Personal Jurisdiction." No opposition to said motion was filed, and, on March 25, 2021, Viking Pump filed a "Notice of Non-Response." By order filed March 26, 2021 ("March 26 Order"), the Court granted Viking Pump's motion and dismissed plaintiffs' claims against Viking Pump without prejudice.

On March 29, 2021, plaintiffs filed their Rule 60(b) Motion, seeking an order vacating the March 26 Order on the basis of excusable neglect. That same day, plaintiffs also filed their Rule 6(b) Motion, seeking an order extending plaintiffs' deadline to file opposition to Viking Pumps' Motion to Dismiss.[2]

**DISCUSSION**

**A.    Rule 60(b) Motion**

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, a district court, "[o]n motion and just terms, . . . may relieve a party . . . from a final judgment, order, or proceeding for . . . excusable neglect." See Fed. R. Civ. P. 60(b)(1). In determining whether a sufficient showing of excusable neglect has been made, courts weigh the following four factors: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the

---

[1] On April 19, 2021, plaintiffs filed a "Suggestion of Death," wherein plaintiffs' counsel states Christopher Sibley passed away on April 17, 2021, and that "[p]laintiff will move for an order substituting Maria Sibley or other successor or representative for Christopher George Sibley within 90 days of the service of this statement." (See Doc. No. 122 at 1:8-10.) Although, to date, no such motion has been filed, Maria Sibley, who, as noted, brings a loss of consortium claim, remains a plaintiff in the instant action. (See FAC ¶ 69.)

[2] On April 30, 2021, plaintiffs filed their opposition. (See Doc. No. 126.)

2

moving party's conduct was in good faith." See Pincay v. Andrews, 389 F.3d 853, 855 (9th Cir. 2004) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

In opposing plaintiffs' motion, Viking Pump has not addressed the first, second, and fourth of the above-listed factors, and the Court, for the reasons stated by plaintiffs, finds those factors weigh in favor of granting the relief requested. Specifically, Viking Pump would not be prejudiced if the March 26 Order is set aside, and the length of delay as to plaintiffs' filing of the Rule 60(b) Motion, i.e., eleven days after the deadline for filing opposition to Viking Pump's Motion to Dismiss and three days after the filing of the March 26 Order, is minimal, as is the potential impact of such delay on the instant proceedings. See Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1224-25 (9th Cir. 2000) (finding loss of "quick victory" insufficient prejudice to justify denial of Rule 60(b)(1) relief; further finding plaintiff's approximately one-month delay in filing Rule 60(b)(1) motion was "not long enough to justify denying relief"). Further, there is no evidence plaintiffs "acted with anything less than good faith." See id. at 1225 (finding, where plaintiff's counsel's "errors resulted from negligence and carelessness, not from deviousness or willfulness," plaintiff's counsel acted in good faith).

As to the third factor, i.e., "the reason for the delay," see Pincay, 389 F.3d at 855, plaintiffs' counsel states that "[t]he paralegal assigned to and working on this case has developed a serious health condition that has prevented her from completing her job," that counsel learned of the paralegal's health condition on March 3, 2021, that "various stay at home orders and work from home orders have made enlisting supplemental assistance on this [case] . . . slow and difficult," and, thus, "responding to the paralegal's health condition . . . has taken several weeks," and that, during the time he was taking "steps to respond to and address that issue, . . . Viking Pump., Inc.'s motion to dismiss was missed." (See Rule 60(b) Mot. at 5:28-6:4, 6:12-19; see also Decl. of Ari Friedman

in Supp. of Rule 60(b) Mot. ¶¶ 8, 17-19.)[3]  In response, Viking Pump contends the reasons identified by plaintiffs for their delay do not support a finding of excusable neglect.

The Ninth Circuit, however, under circumstances less compelling than the circumstances described above, has found parties requesting relief on the basis of excusable neglect and who had shown the first, second, and fourth factors supported a finding of excusable neglect, were entitled to such relief.  See, e.g., Pincay, 389 F.3d at 858-59 (holding district court did not abuse its discretion in granting defendant's motion to extend time to file notice of appeal on basis of excusable neglect, notwithstanding "the mistake itself, the [paralegal's] misreading of [Federal Rule of Appellate Procedure 4(a)(1)(A)], was egregious" and "the lawyer undoubtedly should have checked the Rule itself"; noting, "a lawyer's failure to read an applicable rule is one of the least compelling excuses that can be offered"); Bateman, 231 F.3d at 1225 (holding plaintiff entitled to Rule 60(b)(1) relief notwithstanding plaintiff's counsel's "lack of regard for his client's interests and the court's docket"; noting, "[t]he reason for the delay is, admittedly, weak").

Accordingly, the Court finds plaintiffs have made a sufficient showing of excusable neglect, and the March 26 Order will be vacated.

**B.   Rule 6(b) Motion**

Rule 6(b) of the Federal Rules of Civil Procedure provides that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  See Fed. R. Civ. P. 6(b)(1).

---

[3] Plaintiffs assert their failure to timely file opposition to Viking Pump's motion is excusable for the additional reason that Viking Pump's motion "was not served on File & ServeXpress as required by the Court's February 5th order Authorizing Electronic Service."  (Rule 60(b) Mot. at 6:5-7.)  As Viking Pump points out, however, Viking Pump is not a party to the "Stipulation . . . Authorizing Electronic Service" (see Doc. No. 98) that the Court, by order filed February 5, 2021, approved (see Order, filed Feb. 5, 2021, at 1:25-27 (stating, "[a]ll parties, who[] have executed this Stipulation, are ordered to utilize File & ServeXpress as their electronic service vendor for service of motions")).

Here, as to good cause, Viking Pump has not addressed plaintiffs' argument that significant motions ordinarily "should be determined on [their] merits" or that plaintiffs have "moved diligently to correct th[eir] error" (see Rule 6(b) Mot. at 6:26-27, 7:5-7); rather, Viking Pump focuses solely on challenging plaintiffs' showing as to excusable neglect.  The Court finds plaintiffs have moved diligently and that good cause has been shown for a limited extension.  Additionally, as discussed above, plaintiffs have made a sufficient showing as to excusable neglect.

Accordingly, the Court will set a briefing schedule on Viking Pump's Motion to Dismiss and will consider plaintiffs' late-filed opposition thereto.

## CONCLUSION

For the reasons stated above, plaintiffs' Rule 60(b) Motion and Rule 6(b) Motion are hereby GRANTED as follows:

1. The March 26 Order is hereby VACATED.

2. The deadline for filing opposition to Viking Pump's Motion to Dismiss is hereby EXTENDED to April 30, 2021, the date on which the opposition was filed.

3. Viking Pump's Reply in support of its Motion to Dismiss shall be filed no later than May 21, 2021.

4. The hearing on Viking Pump's Motion to Dismiss is hereby scheduled for June 4, 2021, at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: May 3, 2021

MAXINE M. CHESNEY
United States District Judge