IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER GEORGE SIBLEY, et al.,

Plaintiffs,

v.

AIR AND LIQUID SYSTEMS CORPORATION, et al.,

Defendants.

Case No. 20-cv-07697-MMC

**ORDER DENYING DEFENDANT VIKING PUMP, INC.'S MOTION TO DISMISS**

Before the Court is defendant Viking Pump, Inc.'s ("Viking") "Motion to Dismiss for Lack of Personal Jurisdiction," filed March 4, 2021. Plaintiffs Christopher George Sibley and Maria Sibley have filed opposition, to which Viking has replied. Having read and considered the parties' respective written submissions, the Court rules as follows.[1]

**BACKGROUND**

Plaintiffs allege Christopher Sibley, while serving as an electrician in the United States Navy from 1970 through 1974, was "repeated[ly] expos[ed] to asbestos-containing products manufactured, distributed, and/or sold by defendants and supplied to, installed and/or maintained by defendants at [his] worksites" (see Compl. ¶¶ 4, 12) and, as a result, "sustained asbestos-related lung injuries as a result of his inhalation of asbestos fibers" (see id. ¶ 1).

Based thereon, Christopher Sibley asserts the following three Causes of Action, titled, respectively, "Negligence," "Products Liability," and "Premises Owner/Contractor

---

[1] By order filed June 1, 2021, the Court took the matter under submission.

1    Liability"; Maria Sibley, who, at all relevant times, was Christopher Sibley's spouse,

2    asserts a single cause of action "for the loss of spousal relationship as a result of

3    [Christopher Sibley's] illness and subsequent death." (See Compl. ¶ 69.)[2]

4           By the instant motion, Viking moves to dismiss the Complaint, as alleged against

5    Viking, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

6                                    **LEGAL STANDARD**

7           Under Rule 12(b)(2), a defendant may move to dismiss a complaint for lack of

8    personal jurisdiction. See Fed. R. Civ. P. 12(b)(2). Where a defendant challenges

9    personal jurisdiction, the plaintiff bears the burden of establishing the forum court's

10   personal jurisdiction over such defendant. See Mattel, Inc. v. Greiner & Hausser GmbH,

11   354 F.3d 857, 862 (9th Cir. 2003).

12          In resolving the question of personal jurisdiction, "[t]he court may consider

13   evidence presented in affidavits to assist it in its determination," see Doe v. Unocal Corp.,

14   248 F.3d 915, 922 (9th Cir. 2001), abrogated on other grounds as recognized by Williams

15   v. Yamaha Motor Co., 851 F.3d 1015 (9th Cir. 2017), and where the defendant's motion

16   "is based on written materials rather than an evidentiary hearing, the plaintiff need only

17   make a prima facie showing of jurisdictional facts," see CollegeSource, Inc. v.

18   AcademyOne, Inc., 653 F.3d 1066, 1073 (9th Cir. 2011) (internal quotation and citation

19   omitted). To meet such burden, a plaintiff "cannot simply rest on the bare allegations of

20   its complaint, but uncontroverted allegations in the complaint must be taken as true."

21   See id. (internal quotation and citation omitted). Further, although "the truth of allegations

22   in a pleading which are contradicted by affidavit" may not be assumed, see id. (internal

23   citation omitted), "any evidentiary materials submitted on the motion are construed in the

24

25          [2] On April 19, 2021, plaintiffs filed a "Suggestion of Death," providing notice of
     Christopher Sibley's passing on April 17, 2021, and stating "[p]laintiff w[ould] move for an
26   order substituting Maria Sibley or other successor or representative for Christopher
     George Sibley within 90 days [thereof]." (See Doc. No. 122 at 1:8-10.) Although, to date,
27   no such motion has been filed, Maria Sibley, who, as noted, brings a loss of consortium
     claim, remains a plaintiff in the instant action (see Compl. ¶ 69), and Viking, in bringing
28   the instant motion, has made the same arguments as to both plaintiffs' claims.

United States District Court
Northern District of California

1  light most favorable to the plaintiff[] and all doubts are resolved in [the plaintiff's] favor,"

2  see Ochoa v. J.B. Martin & Sons Farms, Inc., 287 F.3d 1182, 1187 (9th Cir. 2002)

3  (internal quotation and citation omitted).

4    In determining whether a plaintiff has met his/her burden, and where, as here, no

5  federal statute authorizes personal jurisdiction, the district court applies the law of the

6  forum state, see CollegeSource, 653 F.3d at 1073, and because "California's long-arm

7  jurisdictional statute is coextensive with federal due process requirements, the

8  jurisdictional analyses under state law and federal due process are the same," see

9  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800-01 (9th Cir. 2004).

10    In particular, "[f]or a court to exercise personal jurisdiction over a nonresident

11  defendant consistent with due process, that defendant must have certain minimum

12  contacts with the . . . forum," see CollegeSource, 653 F.3d at 1073 (internal quotation

13  and citation omitted), and depending on the nature and extent of its contacts with the

14  forum, "a defendant may be subject to either general or specific personal jurisdiction,"

15  see Easter v. Am. W. Fin., 381 F.3d 948, 960 (9th Cir. 2004). "A defendant is subject to

16  general jurisdiction only where the defendant's contacts with a forum are substantial or

17  continuous and systematic." See id. (internal quotation and citation omitted). A

18  defendant is subject to specific jurisdiction if the following "three-prong test" is met:

19    (1) The non-resident defendant must purposefully direct his activities or
  consummate some transaction with the forum or resident thereof; or
20    perform some act by which he purposefully avails himself of the privilege of
  conducting activities in the forum, thereby invoking the benefits and
21    protections of its laws;

22    (2) the claim must be one which arises out of or relates to the defendant's
  forum-related activities; and
23

24    (3) the exercise of jurisdiction must comport with fair play and substantial
  justice, i.e. it must be reasonable.

25  See Schwarzenegger, 374 F.3d at 802 (internal quotation and citation omitted).

26  //

27  //

28  //

3

**DISCUSSION**

In the instant case, as to Viking, plaintiffs rely solely on specific personal jurisdiction. In that regard, in addition to the above-referenced allegations in their complaint, plaintiffs also allege therein that Viking "ha[s] regularly conducted business in the State of California" and that Christopher Sibley, while he was aboard "the USS Ranger (CV-61) at Hunter's Point Naval Shipyard" in California, worked with asbestos-containing Viking products (see Compl. ¶¶ 7, 12, 13); further, plaintiffs have submitted evidence to support their allegation that Christopher Sibley worked on pumps manufactured by Viking (see Decl. of Ari Friedman ("Friedman Decl.") Ex. A at 21:22-25, 35:16-20), as well as evidence that Viking has had distributors in California since 1940 (see id. Ex. F at 27:24-28:7), that one such distributor's website advertises it has supplied in California pumps manufactured by Viking since 1956 (see id. Ex. E), and that Viking, between 1911 and 1986, manufactured pumps with internal components that contained asbestos (see id. Ex. F at 25:14-16).

Viking, in bringing the instant motion, "does not dispute that it has the requisite minimum contacts with California" (see Reply at 4 n.2), namely, regular sales of pumps in California during the relevant time period (see Friedman Decl. Ex. F at 25:14-16, 27:8-28-7; see also Reply at 4 n.2), and is "challenging only the 'relatedness' prong of the jurisdictional analysis" (see Reply at 4 n.2), i.e., plaintiffs' contention that Christopher Sibley's injury relates to those forum-related activities. In particular, Viking argues, plaintiffs "have no evidence that Viking ever sold any product at issue in this case in a California market" (see Mot. at 2:14-15), and Viking's "supply of products to the United States Navy has nothing to do with California markets" (see id. at 2:18-19).

To the extent Viking's challenge is based on its assertion, in its motion, that it did not sell in California the very pump on which Christopher Sibley worked, however, such argument, as plaintiffs point out, was rejected three weeks later by the Supreme Court in Ford Motor Co. v. Montana Eighth Judicial District Court, 141 S. Ct. 1017 (2021). See id. at 1023, 1026 (holding, in products-liability lawsuit where defendant vehicle manufacturer

4

United States District Court
Northern District of California

1    argued requisite causal link existed "only if [it] had designed, manufactured, or . . . sold in

2    the [forum] State the particular vehicle involved in the accident," personal jurisdiction

3    nonetheless existed, given defendant's marketing and sales of same model in forum

4    state; noting Supreme Court has "never framed the specific jurisdiction inquiry as always

5    requiring proof of causation—*i.e.*, proof that the plaintiff's claim came about because of

6    the defendant's in-state conduct").

7          Next, to the extent Viking's challenge is based on its assertion that it did not

8    market or sell in California the model on which Christopher Sibley worked, the Court, as

9    set forth below, is not persuaded.

10          Although, in Ford, the Supreme Court found Ford marketed and sold the injury-

11    causing model in the forum state and specifically noted it was not addressing a situation

12    in which Ford marketed the model only in a different state or region, it was, as one district

13    court has observed, "equally careful about describing the extensive contacts that Ford

14    ha[d] with the [forum] markets, even outside of the specific models at issue in the case,"

15    thereby suggesting "it is not *necessarily* a prerequisite for specific jurisdiction that a

16    company market or sell the specific product model at issue in the forum state." See

17    Godfried v. Ford Motor Co., No. 1:19-cv-00372-NT, 2021 WL 1819696, at *5 (D. Me. May

18    6, 2021) (emphasis in original) (citing Ford, 141 S. Ct. at 1022-23, 1029-30); see also id.

19    at *5 n.5 (denying Rule 12(b)(2) motion to dismiss; noting defendant offered no evidence

20    to show model at issue was sufficiently different from models marketed in forum state "as

21    to warrant [a] distinction" with respect to specific jurisdiction).

22          Here, although, as Viking points out, Christopher Sibley "could not specifically

23    recall the type of Viking pump" to which he was exposed, Viking has submitted no

24    evidence in support of its assertion that the models it supplied to the Navy are "not the

25    sort of pump that [it] supplied to California civilians," let alone evidence showing how any

26    such distinction might bear on the jurisdictional analysis.  (See Reply at 3:14-15, 5:7-8

27    (citing Decl. of Todd M. Thacker ("Thacker Decl.") Ex. A at 171:19-24).)

28          Consequently, there being no evidence disputing plaintiffs' allegations and

5

evidence that, in the early 1970s, Christopher Sibley was exposed in California to an asbestos-containing pump manufactured by Viking[3] and that Viking, during that time period, supplied asbestos-containing pumps in California, the Court finds plaintiffs have made the requisite prima facie showing as to personal jurisdiction. Accordingly, Viking's motion to dismiss will be denied. Such denial, however, will be without prejudice "to renewal after the parties have had an opportunity to conduct discovery." See In re Toy Asbestos Litig., No. 19-cv-00325-HSG, 2019 WL 2144628, at *4 (N.D. Cal. May 16, 2019).

## CONCLUSION

For the reasons set forth above, Viking's Motion to Dismiss is hereby DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: June 30, 2021

MAXINE M. CHESNEY
United States District Judge

---

[3] To the extent Viking may be arguing its contacts with "federal enclaves" located within California are not relevant to the instant analysis (see Reply at 6:16-17, 6:26-27), such argument is unavailing. See Swanson Painting Co. v. Painters Loc. Union No. 260, 391 F.2d 523, 526 (9th Cir. 1968) (holding defendant "purposefully avail[ed] itself of the privilege of conducting activities within Montana, notwithstanding the fact that such activities occurred mostly within the federal enclave").

United States District Court
Northern District of California